Dear Mr. Gegenheimer:
Our office received your request for an opinion concerning the use of electronic seals to certify documents under your care, custody or control.
In particular, you have asked our office to address:
 1. Whether you may attach, affix, seal or certify records with an electronic seal;
 2. If it is permissible to certify records with an electronic seal, whether the electronic seal has the full effect of law as an impressed seal would have; and
 3. Whether a state office, official or agency may decline to accept an electronic document electronically sealed and certified by you, solely because it is not on paper.
As an initial matter, your letter asks this opinion to assume that you, as Clerk of Court and ex officio Recorder of Mortgages, have security procedures in place that ensure the authenticity of your digital signature, including the time and date on which the signature is attached, and that you have included encryption measures to ensure secure access of the application.
Pursuant to La.C.C.P. art. 251, the clerk of court is the legal custodian of court records, and he may issue a copy of any of these records, certified by him under the seal of the court, to be a correct copy of the original. Consistent with this, La.R.S. 13:757 provides that "[t]he clerks of the courts in each parish shall obtain a seal, to be paid for by the parish, which shall contain the vignette of the state seal, with the words `Seal of the Clerk of the Parish of ________,' which shall be used by the clerk of the parish to seal all papers issued by him requiring a seal." As indicated by the above, the seal operates *Page 2 
as a certification by the clerk that the document is a correct copy of the original. Such seal must contain the vignette of the state seal and contain the words "Seal of the Clerk of the Parish of ____." However, these provisions do not specify whether the seal must be imprinted by hand or may be attached electronically.
The rules of statutory construction instruct that the words of a law be given their generally prevailing meaning. La.C.C. art. 11. Black's Law Dictionary defines a "seal" as "[a] design embossed or stamped on paper to authenticate, confirm, or attest; an impression or sign that has legal consequence when applied to an instrument." 1376 Black's Law Dictionary
(8th ed. 2004). Other relevant definitions of "seal" include "a device with a cut or raised emblem, symbol, or word used especially to certify a signature or authenticate a document" and "a seal that is a symbol or mark of office."[1] As it is possible to stamp a document or imprint a symbol or mark of an office electronically, it is conceivable for this definition to include the application of an electronic symbol to a document to authenticate it. Taking into account technological innovations, so long as there are security procedures in place to ensure that the electronically applied seal can be properly relied upon for its authenticity, the generally understood definition of "seal" is sufficient to permit the practice of utilizing an electronic seal.
Also instructive is La.R.S. 44:72, which provides that "[e]ach recorder shall have an official seal, which he shall attach to all acts, certificates, and other instruments, executed or granted by him. Failureto affix the seal does not affect the validity or effect of theinstruments." [Emphasis added]. As provided by La.R.S. 44:71(B), "[t]he clerks of the several district courts throughout the state are ex officio parish recorders of conveyances, mortgages, and other acts." Thus, there is direct legislation instructing that even if a clerk, acting as an ex officio recorder of conveyances, mortgages and other acts, fails to impress a seal to a document, the instrument is valid and effective.[2]
Your request letter points to certain provisions of the Louisiana Uniform Electronic Transactions Act ("LUETA"), La.R.S. 9:2601 et seq., La.R.S. 9:2607, in particular, which provides that "A record or signature may not be denied legal effect or enforceability solely because it is in electronic form."[3] *Page 3 
As discussed in La. Atty. Gen. Op. No. 08-0340, as the Clerk of Court, you may adopt and implement a plan and execute contracts for the recordation of electronic documents affecting immovable property, following the requirements of La.C.C.P. art. 258 and LUETA, provided the requisite information is contained in the filing and that the exact time and sequence of filing of the documents are clearly notated.
In light of the above, in the implementation of the plan described above, you, as the Clerk of Court and ex officio Recorder of conveyances, mortgages and other acts, are permitted to certify records with an electronic seal so long as it contains the form requirements set forth by law.[4] The electronic seal has the full effect of law, as an impressed seal. Your last question is whether a state office, official or agency may decline to accept an electronic document electronically sealed and certified by you, solely because it is not on paper. As there is nothing prohibiting the use or invalidating the effect of an electronic seal, it follows that any state office, official or agency to which you submit the document may not decline to accept solely because it is not on paper.[5]
Although, as stated above, there is nothing prohibiting the use of or invalidating the effect of an electronic seal, there is also little authorizing it. The pursuit of legislation specifically authorizing such practice would ensure that uniform security measures are in place with the use of such technology, and would assure those accepting the documents of the authenticity of the certification.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] Seal. (2010). Merriam-Webster Online Dictionary. Retrieved January 26, 2011, from http://www.merriam-webster.com/dictionary/seal?show'2 
t' 1296069574.
[2] One of the definitions of "affix," with respect to a seal or stamp, is "to impress." Affix. (2010). Merriam Webster OnlineDictionary. Retrieved January 26, 2011, from http://www.merriam webster.com/dictionary/affix
[3] Please note that La.R.S. 9:2602(B)(4)(b) provides that this Chapter (LUETA) shall not apply to "Court orders or notices, or official court documents, including briefs, pleadings, and other writings, required to be executed in connection with court proceedings, except as otherwise provided by law." Additionally, La.R.S. 9:2605(B)(1) specifies that the provisions of LUETA only apply to transactions between parties who have both agreed to conduct business by electronic means. However, this does not mean that the use of electronic seals is prohibited. We note that other jurisdictions, i.e., Arizona and Colorado, have permitted the use of an electronic seal by clerks of court in court documents and Virginia has legislation specifically addressing this issue and permits the use of an "official electronic stamp" or "official electronic seal" by the clerk of court and defines such as an electronic image of a seal or stamp of the court or clerk which "is produced by software applications authorized by the clerk that are protected by system credentials to which only the clerk or persons authorized by the clerk have access." See Va Code §17.1-258.3(C).
[4] Specifically, as previously mentioned, a vignette of the state seal and the words "Seal of the Clerk of the Parish of ____" must be included.
[5] This assumes the absence of any legal requirement that a particular document be submitted via paper means.